UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                       :

UNITED STATES OF AMERICA,                     :

       -v-                                                :                   20 Cr. 539 (JPC)

ADAM ROGAS,                                       :                   <u>ORDER</u>

                      Defendant.               :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On October 28, 2022, the Government submitted a supplemental sentencing letter in this case, which was filed in redacted form on the docket, *see* Dkt. 74, and which was sent in unredacted form via e-mail to the Court and to Defendant Adam Rogas. At sentencing on November 3, 2022, the Court ordered the Government to re-file that letter on the docket with the sections entitled "Dominican Residence" and "Other Issues" unredacted, but with the section entitled "'Annual Trip' to the Dominican Republic" on pages 3 through 5 of the letter to remain redacted. *See* Dkt. 81 ("Sentencing Tr.") at 17:22-25. Following sentencing, Pete Brush, a reporter for Law360, sent the Court an e-mail, which the Court has since filed on the docket, requesting that the Court "reconsider its finding earlier today that portions of the government's Oct. 28 sentencing letter related to the defendant's activities and investments in the Dominican Republic (docket #74) remain sealed." Dkt. 83. Given the importance of the values served by public access to judicial documents, *see United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*"), the Court herein addresses Mr. Brush's application and, in doing so, clarifies what portions of the Government's October 28 letter is redacted and why those redactions are appropriate.

As the Second Circuit has explained, the question of whether the public must be allowed access to a court filing implicates both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga.*, 435 F.3d 110, 126 (2d Cir. 2006) ("[A] presumption of immediate public access attaches [to judicial documents] under both the common law and the First Amendment."). Under the common law framework, whether a document is a judicial document turns on whether the item is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Under the First Amendment, whether the presumption of public access attaches turns on whether a document bears a close connection to a public judicial proceeding. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) ("This Court has followed a similar logic, deeming that the right to inspect documents derives from the public nature of particular tribunals."). Because portions of the Government's sentencing letter were clearly useful to the Court's determination of Defendant's sentence, and because the sentencing was itself a public judicial proceeding, the presumption of public access applies to the redacted sentencing letter.

Nonetheless, "[n]otwithstanding the presumption of access under both the common law and the First Amendment . . . documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124. Under the First Amendment, in particular, a court may conclude that higher values require a document to be redacted only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailed to serve that interest." *Id.* at 120. In this case, the Court specifically finds that "countervailing factors" and "higher values" outweigh the presumption of access and thereby demand the continued redaction of portions of the Government's supplemental sentencing letter.

First, under the common law framework, the "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article II judicial power." *Amodeo II*, 71 F.3d at 1049. Documents filed in court fall on a continuum ranging "from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* The portions of the Government's supplemental letter that will remain redacted fall on the far end of this spectrum. As the Court indicated at sentencing, *see* Sentencing Tr. at 28:15 (instructing the Assistant United States Attorney to "move on to something else"), the Court viewed those portions of the Government's letter as irrelevant to the sentence imposed.[1] The common-law presumption in favor of public access is thus at its weakest. By contrast, the countervailing factors favoring redaction are compelling: disclosure of the material would seriously infringe upon the privacy of Defendant and his family. *See, e.g.*, *Amodeo II*, 71 F.3d at 1051 ("Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'" (quoting *In re Caswell*, 18 R.I. 835, 836 (1893))). "[E]mbarrassing conduct with no public ramifications . . . will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* Because the common-law presumption for public access is weak, and because the countervailing factors favoring redaction are strong, the common-law framework supports redacting portions of the Government's letter.

Although the right of public access under the First Amendment is governed by a formally distinct doctrinal framework, many of the same factors relevant to the common-law analysis likewise determine whether the First Amendment permits a document to be redacted. In particular,

---

[1] As Mr. Brush correctly notes in his e-mail, *see* Dkt. 83, when imposing sentence the Court did mention Defendant's purchase of a home in the Dominican Republic with fraud proceeds. *See* Sentencing Tr. at 72:14-16. But this mention does not indicate that the redacted material was relevant to the imposition of sentence, for the redacted portions of the supplemental sentencing letter do not concern the purchase of that house.

under the First Amendment "the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).  And the Second Circuit has explicitly suggested that targeted redactions of only those portions of a larger document that implicate privacy concerns is an appropriate method for balancing the First Amendment right with the privacy interests of those affected.  *See id.* ("To protect whatever privacy interests may be prejudiced by disclosure of the motion papers, redaction of names and perhaps portions of the [private] materials contained in the motion papers, or other appropriate measures, as opposed to the wholesale sealing of the papers, might be appropriate in this case.").  Because the public disclosure of the redacted portions of the letter would in itself infringe on the privacy of Defendant and his family, "closure is essential to preserve higher values," and because all portions of the letter that were relevant to sentencing will be publicly filed, the redaction of the remaining portion "is narrowly tailored to serve that interest."  *Id.* (quoting *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 13-14 (1986)).  Thus, like the common law, the First Amendment does not require public access to the Government's supplemental sentencing letter in its entirely.

For the foregoing reasons, Mr. Brush's request, Dkt. 83, for the unsealing of the entirety of the Government's supplemental sentencing letter, Dkt. 74, is denied.  As ordered at Defendant's sentencing, Sentencing Tr. at 17:23-25, the Government shall file on the public docket a version of that letter with the sections entitled "Dominican Residence" and "Other Issues" unredacted.

SO ORDERED.

Dated: November 17, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge