

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 1, 2022

BY CM/ECF AND EMAIL

Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Adam Rogas*, 20 Cr. 539 (JPC)

Dear Judge Cronan:

    The Government respectfully submits this letter in support of its request that the Court order restitution in this matter. As set forth below, defendant Adam Rogas (the "defendant") defrauded victims out of $123,211,718, and also caused one of those victims to expend over $70,000 in legal fees and expenses in connection with the Government's investigation and prosecution of Rogas's crimes. While the bankruptcy estate of NS8 has made minimal distributions to those victims, over $112 million remains outstanding. Under the specific circumstances of this case, the Government is not seeking restitution pursuant to 18 U.S.C. § 3663A. However, as further set forth below, and as directed by the Court during the sentencing proceeding on November 3, 2022, restitution should be ordered as a condition of supervised release.

## Restitution Amount

    As set forth in the Government's supplemental sentencing letter, dated October 28, 2022 (Dkt. 85 at 1), information obtained from counsel for the NS8 bankruptcy estate establishes that investors in the two investment rounds described in the indictment (Fall 2019 and Spring 2020) invested a total of $123,211,718, and thus far have received a total of $11,005,849 in distributions from the bankruptcy estate. Attached hereto as Exhibit A is a schedule of victims (which we request be filed under seal) with associated distributions from the bankruptcy estate, which was prepared by counsel to the bankruptcy estate. Accordingly, the appropriate restitution figure includes (a) $112,205,869 (the amount of investor losses less distributions from the bankruptcy estate); and (b) $70,539.50 in legal fees and expenses that AXA Venture Partners incurred as a result of its cooperation with the Government's investigation and prosecution of Rogas's crimes (*see* Dkt. 70 Exhibit B). Defense counsel has informed the Government that the defense does not object to the restitution amount.

### Restitution Should Be Ordered as a Condition of Supervised Release

Under the specific circumstances of this case, including the defendant's consent during the November 3, 2022 sentencing proceeding to the imposition of restitution as a condition of supervised release, the Government is not seeking restitution pursuant to 18 U.S.C. §§ 3663(a) or 3663A. Indeed, as defense counsel observed at sentencing, a court may order restitution as a condition of supervised release. Nov. 3, 2022 Tr. at 5; *see also United States v. Adams*, 955 F.3d 238, 250 (2d Cir. 2020) ("[D]istrict courts do have the authority to order restitution as a condition of supervised release." (internal quotation marks omitted)). Accordingly, the Government respectfully requests that the Court enter the proposed restitution order attached hereto.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Richard Cooper / Jared Lenow
Assistant United States Attorneys
(212) 637-1027 / -1068

cc:

William M. Sullivan, Jr., Esq. (by ECF)
Thomas C. Hill, Esq. (by ECF)