UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                            :
UNITED STATES OF AMERICA,             :
                                            :
          -v-                                :          20 Cr. 539 (JPC)
                                            :
ADAM ROGAS,                            :          <u>ORDER</u>
                                            :
                   Defendant.         :
                                            :
----------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      On November 3, 2022, the Court sentenced Defendant Adam Rogas to a term of imprisonment of sixty months, followed by a three-year term of supervised release, in addition to ordering forfeiture and restitution. Dkt. 80 (judgment of conviction); Dkt. 81 ("Sentencing Tr."). Defendant is currently serving that term of imprisonment. The website for the Bureau of Prisons lists Defendant's projected release date as October 12, 2025, *see* https://www.bop.gov/inmateloc/ (last visited May 9, 2024), although in the modification request, discussed below, the Probation Department indicates that Defendant's period of supervised release is expected to commence on October 27, 2025. The Court also understands from the Probation Department that, upon his release from custody, Defendant is expected to be supervised in the District of Nevada, based on his prospective residence with his wife and children in that District.

      On April 19, 2024, the Court received a submission via email from the Probation Department, conveying a request from the District of Nevada's Probation Office that Defendant's supervised release terms be modified to include what is known as a "search condition." More specifically, the Probation Department requests that the Court add the following special condition to Defendant's supervised release terms:

> Search and Seizure - You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

The Probation Department justifies the need for this search condition by offering with the following explanation:

> The District of Nevada respectfully requests the addition of the foregoing search and seizure special condition to help mitigate the risk associated with Mr. Rogas' behaviors demonstrated in the instant offense and the subsequent financial fraud conviction.  This special condition will help establish minimum tools to appropriately monitor and provide interventions to assist with positive community adjustment and to help deter Mr. Rogas' return to criminal behaviors.

Aside from the above general reference to the need to mitigate the risk of further criminal activity by monitoring Defendant's conduct, the Probation Department offers no other justification for the requested modification.

The Probation Department presumably is relying heavily on Defendant's consent for the imposition of a search condition.  In its submission to the Court, the Probation Department notes that Defendant voluntarily waived his right to a hearing on the requested modification.  The Probation Department also has provided the undersigned with a form which purports to contain Defendant's signature and his agreement to the modification of his supervised release to add the search condition.

In this criminal case, Defendant was represented by retained counsel, William M. Sullivan, Jr., and Thomas C. Hill.  The Probation Department's submission to the undersigned does not indicate whether the requested modification was discussed with Mr. Sullivan or Mr. Hill.  The

Court also notes that the Probation Department similarly recommended an almost identical search condition in the Presentence Investigation Report.  *See* Dkt. 62 ("Original PSR"); Dkt. 86 ("Revised PSR").  At Defendant's sentencing, however, the Court did not impose a search condition among the special conditions of his supervised release, *see* Sentencing Tr. at 79:13-25, as the Presentence Investigation Report articulated no justification for a search condition aside from a similarly general statement that the condition would monitor Defendant and protect the public from further criminal activity, *see* Original PSR at 24; Revised PSR at 24.

The Court further notes that the Second Circuit recently discussed the imposition of a supervised release search condition that, unlike the one requested here, lacked "reasonable suspicion" language.  *See United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024).  Noting that a suspicionless search condition is analyzed under the "special needs" doctrine of the Fourth Amendment, the Second Circuit in *Oliveras* explained that

> a suspicionless search condition for an individual on supervised release is permissible under the Fourth Amendment, when supported by the record, because a supervisee has a diminished expectation of privacy and the effective administration of supervised release by a probation officer presents a "special need" that "permit[s] a degree of impingement upon privacy that would not be constitutional if applied to the public at large."

*Id.* at 304 (quoting *United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002)).  The Second Circuit concluded that the district court exceeded its discretion in imposing the search condition without "mak[ing] an individualized assessment as to the need for the imposition of the Special Condition on [the defendant]" and by failing to "sufficiently state its reasons for imposing the condition." Id.; see id. at 313 ("[W]e conclude that the special needs doctrine of the Fourth Amendment permits, when sufficiently supported by the record, the imposition of a special condition of supervised release by the district court that allows the probation officer conducting the supervision

to search the defendant's person, property, vehicle, place of residence, or any other property under his control, without any level of suspicion.").

In light of the possibility that Defendant may still be represented by his retained counsel, the Court directs Mr. Sullivan and/or Mr. Hill to advise the Court, within fourteen days of this Order, whether they continue to represent Defendant and, if so, whether they wish to be heard on behalf of Defendant as to whether his terms of supervised release should be modified to include the search condition requested by the Probation Department. In the event Defendant wishes to be heard on this issue, the Court will then set a schedule for further submissions from the parites.

SO ORDERED.

Dated: May 9, 2024
    New York, New York

_____
JOHN P. CRONAN
United States District Judge